ABEL WILLARD vs. AARON D. WILLIAMS.

To a declaration for " money received by the defendant, by his agent B., of A. to the plaintiff's use," the defendant answered that he never, by himself or agent, received the money claimed by the plaintiff. *Held*, that he had not thereby admitted that B. was his agent, under *St.* 1852, *c.* 312, §§ 14, 26; but might disprove it on the trial.

ACTION OF CONTRACT.   " And the plaintiff says, the defendant owes him one hundred and seventy three dollars and fifty cents for money received by his agent Laban S. Beecher, of one Leonard, to the plaintiff's use."   Answer, that the defendant " never, by himself or agent, received the money claimed by the plaintiff in this action, or any other sum for the plaintiff, or to which the plaintiff is in any way entitled."

At the trial in the court of common pleas, the plaintiff offered evidence tending to show that Laban S. Beecher, as agent of the defendant, received money of Lyman Willard to the plaintiff's use.   The defendant offered evidence tending to show that Beecher did not act as his agent in the transaction.   But *Sanger*, J

ruled that Beecher's agency for the defendant was admitted by the answer, and could not be denied by the defendant at the trial. A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*I. W. Beard,* for the defendant.

*G. A. Somerby,* for the plaintiff.

BIGELOW, J. This case falls within the decision in *Woodbury* v. *Jones* 3 Gray, 261, and must be governed by it. The allegation of the agency of Beecher was an unnecessary and useless averment, which the plaintiff, under § 2 of *St.* 1852, *c.* 312, ought not to have inserted in his declaration, because it was not a " substantive fact necessary to constitute the cause of action." It is only such substantive facts as the plaintiff is bound to aver under § 2, that the defendant is required to deny under § 14 ; and which, if not denied, shall be deemed to be admitted, under § 26. It was sufficient for the plaintiff to have averred that the defendant owed him a certain sum for money had and received. That is the precise form prescribed by the sixth clause of § 2 of the practice act. The averment of the mode of its receipt through the agency of Beecher was a mere statement of the evidence by which the plaintiff proposed to prove his cause of action. It would manifestly lead to great confusion and prolixity in pleadings—evils which the practice act was especially intended to prevent—if a plaintiff could be allowed to incumber his declaration with averments of matters of proof, and thereby compel a defendant to deny them. In all actions of contract, where a statement of items is necessary or appropriate, the plaintiff can resort to a count on an account annexed, under the seventh clause of the same section. There was no such necessity in the present case ; nor did the plaintiff use that form of count. It follows that the judge erred in ruling that the question of the agency of Beecher was not open to the defendant on the pleadings. He ought to have been permitted to offer evidence to prove that Beecher did not act for him in receiving the money which the plaintiff claimed to recover.

*Exceptions sustained.*